IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONSTANCE HALIBURTON-BRYANT ) | |
| ) | |
| v. ) | No. 3:08-0269 |
| ) | Judge Trauger/Bryant |
| MIDDLE TENNESSEE STATE ) | |
| UNIVERSITY ) | |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

On March 7, 2008, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed her Complaint in this Court (Docket Entry No. 1). Defendant, Middle Tennessee State University ("MTSU"), filed a Motion to Dismiss on March 18, 2008. (Docket Entry No. 7). Subsequent to Plaintiff's motions to amend (Docket Entries Nos. 12, 28, 31) and MTSU's Motion for a More Definite Statement (Docket Entry No. 25), the undersigned issued a Memorandum and Order on February 6, 2009 in which Plaintiff was granted until February 27, 2009, to file an amended complaint. The undersigned noted that the amended complaint would "supersede and replace all prior complaints" and "contain a statement of all claims the plaintiff seeks to assert in this lawsuit." (Docket Entry No. 35 at 2). Plaintiff was further reminded that Rule 8 of the Federal Rules of Civil Procedure "provides that a pleading that states a claim for relief must contain a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought." *Id.* On February 27, 2009, Plaintiff filed an amended complaint. (Docket Entry No. 36).

1

Currently pending is Defendant's Motion to Dismiss Amended Complaint (Docket Entry No. 38), supported by a memorandum (Docket Entry No. 39). Defendant, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, has moved to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Docket Entry No. 39). Plaintiff has responded to the motion (Docket Entry No. 41). Upon consideration of these papers, and for the reasons given below, the Magistrate Judge recommends that Defendant's motion be GRANTED, and that this case be DISMISSED for lack of subject matter jurisdiction and failure to state a claim.

## I.  Factual Background

Plaintiff, a 60 year old African American, is a Master's candidate in the Criminal Justice Administration Department of Middle Tennessee State University. (Docket Entry No. 36 at ¶¶ 2, 3). She appears to allege that the Defendant, Middle Tennessee State University ("MTSU"), denied her financial aid and improperly administered her student records because of her race. *Id.* at ¶¶ 4, 5. By not receiving financial aid and allegedly having her records improperly administered, she was not able to fulfill the requirements necessary to obtain her Master's degree. *Id.* Furthermore, she claims that MTSU faculty used "pejorative racial epithets … without meritorious discussion" thereby confirming her "perception that a high rate of social deviance is present within the administrative character at MTSU." *Id.* at ¶ 6. In addition, she alleges a conspiracy by white, Anglo-Saxon, Protestants in Murfreesboro and Rutherford County, Tennessee to carry out de facto "racialized class control." *Id.* at ¶¶ 7-13). As a remedy for the alleged discrimination in educational opportunity, Plaintiff seeks "to be made whole" and

2

to have "federal protective intervention … throughout the duration of these public processes." *Id.* at ¶ 15.

II.     **Conclusions of Law**

   A.     **Standard of Review**

Defendant's first argument for dismissal is that the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (Docket Entry No. 39 at ¶ 6). In accordance with Fed. R. Civ. P. 8, a Plaintiff must set forth the grounds for the Court's jurisdiction in her complaint. When subject matter jurisdiction is challenged by Fed. R. Civ. P. 12(b)(1), the plaintiff has the burden of establishing jurisdiction to survive the motion. *Rogers v. Stratton Industries*, 798 F.2d 913, 915 (6th Cir. 1986).

Defendant's second argument for dismissal is that the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket Entry No. 39 at ¶ 6). In examining a Complaint under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all of the Plaintiff's well-pleaded factual allegations and resolve all doubts in the Plaintiff's favor. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the Plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations supplied must be enough to show a plausible right to relief. *Id.* at 570. A complaint "must contain either direct or inferential allegations respecting

3

all the material elements necessary to sustain recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

Since Plaintiff is pro se, the allegations of her complaint must be liberally construed in determining whether it fails to state a claim upon which relief can be granted. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Pro se litigants should not be denied access to the courts merely because they lack some degree of legal training. *Id.* However, the liberal treatment granted to pro se litigants is not without limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Basic pleading rules still apply for pro se litigants, as bald assertions and personal opinions will not suffice. *See Wells v. Brown*, 891 F.2d 591, 594. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

**B.     Analysis**

Even construing Plaintiff's original and amended complaints liberally, they neither refer to any federal law to establish federal question jurisdiction under 28 U.S.C. § 1331, nor allege diversity of citizenship under 28 U.S.C. § 1332. The Sixth Circuit has affirmed the dismissal of a pro se litigant's complaint for lack of subject matter jurisdiction when the complaint did not mention any federal law or allege diversity of citizenship, even after the pro se litigants were granted the right to amend their complaint. *Turner v. Metropolitan Sav. Bank*, No. 98-3186, 1999 WL 454696, at *1 (6th Cir. June 21, 1999). In *Turner*, the pro se litigants failed to specify how the defendant "violated any particular statute or regulation, and failed to plead specific facts

forming the basis of subject matter jurisdiction," even in their response to defendant's motion to dismiss. *Id.*

In this case, the Court granted Plaintiff ample time to amend her pleadings and notified her in its Order and Memorandum that she must provide a "short and plain statement of the grounds for the court's jurisdiction" in accordance with Fed. R. Civ. P. 8. (Docket Entry No. 35 at 2). However, she still failed to set forth any grounds for the Court's jurisdiction in her amended complaint. In her answer to the motion to dismiss, Plaintiff does not refer to any particular statute to establish jurisdiction, but claims that federal jurisdiction is necessary because the allegedly wrongful acts "occurred in publicly funded, bureaucratic settings administered as units of government" and because "state court legal norms" are "deconstructive of the federal protections in place for the nature of [her] claims." (Docket Entry No. 41 at 10). While pro se litigants do receive the benefit of a liberal construction of their pleadings, Plaintiff's complaint simply does not offer any short and plain jurisdictional statement for the Court to construe.

In addition, even assuming, arguendo, that the pleadings could be liberally construed as invoking 42 U.S.C. § 1983, Plaintiff's complaint would still be subject to dismissal for failure to state a claim. Plaintiff's complaint does not contain sufficient factual allegations, even assuming the allegations are true, to survive Defendant's 12(b)(6) motion to dismiss. The factual allegations of a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. While Fed. R. Civ. P. 8 may not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). Plaintiff claims that she was denied access

5

to her financial aid and that her student records were improperly administered – obstructing her ability to finish her Master's program – yet she fails to provide any specific dates and times regarding these actions. (Docket Entry No. 36 at ¶¶ 4, 5). More importantly, she does not provide any facts upon which relief could be granted, for example whether Defendant treated similarly situated students who were not members of a protected class differently concerning financial aid. Plaintiff merely makes bare, disjointed accusations about systemic racial inequalities within MTSU, the city of Murfreesboro, and Rutherford County. *Id.* at ¶¶ 7-15. The pleadings identify no specific causes of action or individuals who harmed her.

Assuming again, arguendo, that Plaintiff could be deemed to have filed suit under 42 U.S.C. § 1983, to prevail under this statute Plaintiff must establish that she was "deprived of a right secured by the Constitution or laws of the United States[.]" *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978)). Plaintiff has not met this standard as she has not specified any constitutional rights which have been violated in her Complaint. While pro se litigants are provided a more liberal review of their pleadings, such leniency should not force the Court to speculate as to the nature of Plaintiff's claim or surmise the facts in support of conclusory accusations. *See Wells*, 891 F.2d at 594. In this instance, the Court has repeatedly provided Plaintiff an opportunity to amend her pleadings and notified her of the procedural requirements necessary at the pleading stage. (Docket Entry Nos. 12, 17, 28, 31, 35). The undersigned Magistrate Judge finds that Plaintiff's Complaint, as amended, should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

### III. Recommendation

For the reasons set out above, the Magistrate Judge respectfully RECOMMENDS that Defendant's motion to dismiss be GRANTED, and that this case be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

**ENTERED** this 20th day of July, 2009.

s/John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE